**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **PATTY OTT,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | **5:09-CV-00215 (HL)** |
| **WAL-MART STORES, INC. and** | : | |
| **ALLEN J. COON,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

This case is before the Court on Plaintiff's Motion to Remand (Doc. 37). For the reasons set forth below, the Motion is granted.

**A. Background**

Plaintiff, Patty Ott, filed a premises liability lawsuit against the Defendants, Wal-Mart Stores, Inc. and Allen J. Coon, in the State Court of Houston County on June 8, 2009. In the complaint, Ott alleges that as she was walking down an aisle at a Wal-Mart store, she slipped on a puddle of water and struck her head on the floor, sustaining physical and mental injuries. Ott further alleges that a leak in the ceiling caused the puddle, a direct result of Defendants' failure to keep premises safe.

On July 1, 2009, Defendants filed a timely Notice of Removal of the state court action to this Court based on diversity of citizenship. In the Notice of Removal,

Defendants stated that Coon, a citizen of Georgia, had been "fraudulently joined solely for the purpose of defeating federal diversity jurisdiction." (Doc. 1, p. 3.) Defendants stated that no statutory or common law claim existed against Coon to establish individual liability in the suit and therefore, removal was proper. On December 22, 2009, Plaintiff filed a Motion to Remand the case to the State Court of Houston County.

## B. Propriety of Removal

The removing party bears the burden of establishing fraudulent joinder. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1562 (11th Cir. 1989). To prove joinder was fraudulent, the removing party must demonstrate that: 1) there is no possibility that the plaintiff can establish a cause of action against the defendant; or 2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant to court. Pacheo Day Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998).

The burden of proving fraudulent joinder is a heavy one, and even a colorable claim is sufficient to justify joinder against a defendant. Id. at 1380. To determine whether there is a colorable claim, the facts must be viewed in a light most favorable to the plaintiff. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). Federal jurisdiction is limited, and where plaintiffs and defendants disagree about jurisdiction, conflicts should be resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Removal statutes should be strictly construed in order to further two important policies. First, the plaintiff is the master of the complaint and has the right to select

forum. Crowe, 113 F.3d at 1538. Second, the strict construction of removal statutes prevents federal courts from executing judgments only to find later that jurisdiction on removal was improper. Id.

In sum, removal jurisdiction should be construed narrowly, and the removing party must clearly demonstrate that there is no possibility of a claim against a defendant for removal to be proper. Pacheo De Perez, 139 F.3d at 1380.

## C. Analysis

In this case, Plaintiff alleges two theories of liability against Coon: 1) common law misfeasance and 2) statutory liability under O.C.G.A. § 51-3-1. Defendants argue that neither theory of liability is sufficient to demonstrate a possible claim against Coon. However, viewing the facts and law in a light most favorable to Plaintiff, it is apparent that either theory provides some possibility of a claim against Coon and justifies remanding the case.

### 1. Common Law Misfeasance

Plaintiff first alleges a claim against Coon based on misfeasance, which imposes a duty upon an agent for actions towards injured third parties. Reed v. Arrington-Blount Ford, Inc., 148 Ga. App. 595, 597, 252 S.E.2d 13, 15 (1979). In Reed, the Georgia Court of Appeals held that an agent could be individually liable for his or her actions involving misfeasance. Id., see also Evans v. Dennis, 203 Ga. 232, 235, 46 S.E.2d 122, 125 (1948) (holding that "an agent is personally liable to those injured by his misfeasance"); Owens v. Nichols, 139 Ga. 475, 77 S.E. 635

(1913) (concluding that action as an agent is no defense in an action for damages founded on tort if the negligence amounts to misfeasance).

Here, Plaintiff's claims of misfeasance against Coon center on what Plaintiff calls "active negligence" relating to Coon's failure to maintain safe premises. (Doc. 37-2, p. 1.) The record reflects that the general maintenance of the store premises falls within Coon's job description as a store manager; therefore, there is some possibility that Plaintiff will be able to state an actionable claim against Coon under a theory of misfeasance.

**2. O.C.G.A. § 51-3-1**

Plaintiff briefly addresses the statutory liability scheme under O.C.G.A. § 51-3-1, alleging a claim based upon a definition of "owner or occupier" that includes Coon in his capacity as store manager. Defendants argue that the legal definition of "owner or occupier" does not include Coon.

"Owner or occupier" has been defined as "a person who maintains a place of business to sell goods or services." Rhodes v. K-Mart Corp., 240 Ga. App. 57, 58, 522 S.E.2d 563, 565 (1999). The term has further been defined as a person responsible for "inspecting, maintaining, and repairing the premises" on behalf of the store owner. Norman v. Jones Lang Lasalle Ams., Inc., 277 Ga. App. 621, 622, 627 S.E.2d 382, 385 (2006). Most courts agree that exhibiting some level of supervisory control will be sufficient to include a store manager within the § 51-3-1 definition of "owner or occupier." Poll v. Deli Mgmt., Inc., No. 1:07-cv-0959, 2007 WL 2460769 (N.D.Ga. Aug. 24, 2007) (unpublished). In Poll, an instructive though non-binding

case from the Northern District, the court held that a store manager could be held liable under § 51-3-1 for failure to properly supervise the maintenance of store premises. Id. at *4. The recognition of the sufficiency of a supervisory role to establish liability under the "owner or occupier" statute is common in Georgia courts. See Lee v. Myers, 189 Ga. App. 87, 89, 374 S.E.2d 797, 799 (1988) (finding that the manager of a farmer's market had a duty to exercise care in maintaining the premises under § 51-3-1); Mason v. Chateau Cmtys., Inc., 280 Ga. App. 106, 633 S.E.2d 426 (2006) (allowing case to proceed against the manager of a trailer park under § 51-3-1). The record reflects that Coon, as manger on duty at the time of the incident, was responsible for making certain that there were no defects in the ceiling at Wal-Mart, checking that any puddles on the floor were cleaned, and ensuring that zoning and safety sweeps were being properly performed by Wal-Mart associates. (Doc. 37-2, p. 4.) These responsibilities establish that Coon had some level of supervisory control, which suggests a statutory duty under § 51-3-1.

Defendants point to Adams v. Sears, Roebuck & Co. to refute the inclusion of a store manager within the statutory term "owner or occupier." 227 Ga. App. 695, 490 S.E.2d 150 (1997). However, Adams is easily distinguishable for the case at hand. Adams did conclude that the store manager in question could not be held liable under § 51-3-1; however, that conclusion followed a motion for summary judgment. Id. Contrarily, the present case has not yet undergone the intensive fact-finding that controlled the conclusion in Adams. Further, the Court of Appeals in Adams dealt with the issue of the store manager's liability in a cursory fashion,

affording little discussion to the rationale behind the court's refusal to extend liability. Id. at 697, 490 S.E.2d at 153. As a result, Adams is not persuasive in determining whether there is any possibility of a claim against Coon in the present case.

## D. Conclusion

In order to prove fraudulent joinder, the moving party must show that there is no possibility that the plaintiff could state a claim against Coon. In this case, Defendants fail to meet this burden. Common law misfeasance and statutory liability under § 51-3-1 both provide plausible means of establishing Coon's duty to keep the premises safe. Therefore, Plaintiff's Motion to Remand (Doc. 37) is granted. This case is remanded to State Court of Houston County for all further proceedings. Defendant's Motion to Compel (Doc. 15), Motion for Partial Summary Judgment (Doc. 23), and Motion for Medical Examination (Doc. 24), as well as Plaintiff's Motion to Amend/Correct (Doc. 40), are denied as moot.

**SO ORDERED,** this the 16th day of February, 2010.

*s/   Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

ebr